IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SYNOVUS BANK, f/k/a COLUMBUS )
BANK AND TRUST COMPANY, )
 )
    Plaintiff, )
 )    CIVIL ACTION FILE
v. )
 )    NO. 4-11-cv-145
MICHAEL V. SHANNON, )
 )
    Defendant. )

## ANSWER

COMES NOW Defendant Michael V. Shannon ("Shannon"), and hereby files this Answer, showing the Court the following:

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim against Shannon upon which relief can be granted.

### SECOND DEFENSE

The Complaint, in whole or in part, is barred because this Court lacks jurisdiction.

### THIRD DEFENSE

The Complaint, in whole or in part, is barred due to lack of venue.

## FOURTH DEFENSE

The Complaint, in whole or in part, is barred by the applicable statute(s) of limitation.

## FIFTH DEFENSE

The Complaint, in whole or in part, is barred because Plaintiff's damages, if any, are speculative and/or Plaintiff have not suffered any compensable loss or injury as a result of the conduct alleged in the Complaint.

## SIXTH DEFENSE

The Complaint, in whole or in part, is barred because Plaintiff failed to provide reasonable, adequate, or timely notice of any alleged misconduct and/or the claims in the Complaint, thereby prejudicing Shannon and his defense.

## SEVENTH DEFENSE

The Complaint, in whole or in part, is barred because Plaintiff failed to join an indispensable party.

## EIGHTH DEFENSE

The Complaint, in whole or in part, is barred by the doctrines of waiver and release.

## NINTH DEFENSE

The Complaint, in whole or in part, is barred because Shannon's actions were not the cause or proximate cause of damage or injury to Plaintiff.

## TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## ELEVENTH DEFENSE

If Plaintiff suffered any damages, which Shannon denies, the alleged damages were solely caused by acts, wrongs or omissions of (a) Plaintiff; or (b) other persons, entities, forces and/or other things over which Shannon had no control and for which Shannon is not responsible; or (c) a combination of (a) and (b).

## TWELFTH DEFENSE

The Complaint, in whole or in part, is barred to the extent Plaintiff lacks standing.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## FOURTEENTH DEFENSE

The Complaint fails to state claims upon which attorneys' fees can be granted.

## FIFTEENTH DEFENSE

The Complaint is barred, in whole or in part, to the extent Plaintiff failed satisfy certain conditions precedent under any of the alleged agreements and contracts it has sued upon, including the underlying loan documents and notes.

## SIXTEENTH DEFENSE

The Complaint, in whole or in part, is barred because Shannon has at all times acted in good faith.

## SEVENTEENTH DEFENSE

The Complaint, in whole or in part, is barred by public policy and/or public interest.

## EIGHTEENTH DEFENSE

The Complaint, in whole or in part, is barred by failure of consideration.

## NINETEENTH DEFENSE

Plaintiffs' Complaint is barred by the doctrine of election of remedies.

## TWENTIETH DEFENSE

Plaintiffs' Complaint is barred by the doctrine of unclean hands.

## TWENTY-FIRST DEFENSE

Plaintiffs' Complaint is barred by the doctrine of unjust enrichment.

## TWENTY-SECOND DEFENSE

To the extent Plaintiff has failed to mitigate any alleged damages, those alleged damages must be reduced thereby.

TWENTY-THIRD DEFENSE

Shannon reserves the right to raise and assert any additional defenses revealed by or as a result of discovery in this case.

TWENTY-FOURTH DEFENSE

Except as expressly admitted herein, Shannon denies each and every allegation of the Complaint. Shannon responds to the allegations in the Complaint as follows:

1.

Shannon is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint and therefore denies such allegations.

2.

Shannon is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint and therefore denies such allegations.

3.

Shannon is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint and therefore denies such allegations.

4.

Shannon admits the allegations of paragraph 4 of the Complaint.

5.

Shannon denies that this Court has jurisdiction over this matter.

6.

Shannon denies that he is subject to the jurisdiction of this Court.

7.

Shannon admits the allegations in paragraph 7 of the Complaint.

8.

Shannon denies the allegations in paragraph 8 of the Complaint.

9.

Shannon states that Exhibit A speaks for itself and denies any allegations in paragraph 9 inconsistent therewith.

10.

Shannon states that Exhibit A speaks for itself and denies any allegations in paragraph 9 inconsistent therewith.

11.

Shannon admits that Exhibit A appears to be a true and correct copy of a Universal Note and Security Agreement.

12.

Shannon states that Exhibit A speaks for itself and denies any allegations in paragraph 12 inconsistent therewith.

13.

Shannon states that Exhibit A speaks for itself and denies any allegations in paragraph 9 inconsistent therewith.

14.

Shannon states that Exhibit A speaks for itself and denies any allegations in paragraph 9 inconsistent therewith.

15.

Shannon denies the allegations in paragraph 15 of the Complaint.

16.

Shannon states that Exhibit B speaks for itself and denies any allegations in paragraph 16 inconsistent therewith.

17.

Shannon states that Exhibit B speaks for itself and denies any allegations in paragraph 17 inconsistent therewith.

18.

Shannon states that Exhibit B speaks for itself and denies any allegations in paragraph 18 inconsistent therewith.

19.

Shannon admits that the document attached as Exhibit B appears to be a true and correct copy of a Modification Agreement.

20.

Shannon states that Exhibits A and B speak for themselves and denies any allegations in paragraph 20 inconsistent therewith.

21.

Shannon denies the allegations in paragraph 21 of the Complaint.

22.

Shannon denies the allegations in paragraph 22 of the Complaint.

23.

Shannon states that Exhibits A and B speak for themselves and denies any allegations in paragraph 23 inconsistent therewith.

24.

Shannon is without knowledge regarding the allegations in paragraph 24 and denies the allegations contained therein on that basis.

25.

Defendants state that Exhibit C speaks for itself and deny any allegations contained in paragraph 25 inconsistent therewith.

26.

Defendants admit that Exhibit C appears to be a true and correct copy of a letter from David A. Wender dated July 14, 2011.

27.

Defendants state that Exhibit C speaks for itself and deny any allegations contained in paragraph 27 inconsistent therewith.

28.

Defendants state that Exhibit C speaks for itself and deny any allegations contained in paragraph 28 inconsistent therewith.

29.

Defendants deny the allegations in paragraph 29.

30.

Defendants deny the allegations in paragraph 30.

31.

Defendants deny the allegations in paragraph 31.

32.

Defendants incorporate their responses to paragraphs 1 through 31 of their Answer as if set forth fully herein.

33.

Defendants state that Exhibits A and B speak for themselves and deny any allegations contained in paragraph 33 that are inconsistent therewith.

34.

Defendants deny the allegations in paragraph 34.

35.

Defendants deny the allegations in paragraph 35.

36.

Defendants deny the allegations in paragraph 36.

37.

Defendants deny the allegations in paragraph 37.

38.

Defendants deny the allegations in paragraph 38.

39.

Defendants deny the allegations in paragraph 39.

40.

Defendants incorporate their responses to paragraphs 1 through 39 of their Answer as if set forth fully herein.

41.

Defendants state that Exhibits A and B speak for themselves and deny any allegations in paragraph 41 that are inconsistent therewith.

42.

Defendants deny the allegations in paragraph 42.

43.

Defendants deny the allegations in paragraph 43.

44.

Defendants deny the allegations in paragraph 44.

45.

Defendants deny the allegations in paragraph 45.

46.

Defendants deny Plaintiff is entitled to the relief it seeks in the WHEREFORE clause, including subparts, following paragraph 45 of the Complaint.

47.

Defendants hereby demand a trial by jury.

WHEREFORE, Defendants pray that the Court:

     (a)     Dismiss all claims asserted by Plaintiff with prejudice;

(b)    Deny all relief sought by Plaintiff;

(c)    Order Plaintiff to pay Defendants' attorneys' fees and costs of litigation; and

(d)    Grant Defendants such other and further relief as the Court deems just and proper.

> /s/ Derek S. Littlefield
> Kirk M. McAlpin, Jr.
> Georgia Bar No. 480525
> Derek S. Littlefield
> Georgia Bar No. 141569
> J. Parker Gilbert
> Georgia Bar No. 294352
> Cushing Morris Armbruster & Montgomery
> 191 Peachtree Street, NE, Suite 4500
> Atlanta, GA 30303
> 404/521-2323, 404-522-0607 (facsimile)
> kmm@cmamlaw.com
> dsl@cmamlaw.com
> jpg@cmamlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SYNOVUS BANK, f/k/a COLUMBUS          )
BANK AND TRUST COMPANY,               )
                                      )
    Plaintiff,                        )
                                      )          CIVIL ACTION FILE
v.                                    )
                                      )          NO. 4-11-cv-145
MICHAEL V. SHANNON,                   )
                                      )
    Defendants.                       )

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above and foregoing

ANSWER via the Court's electronic filing and service system, to the following:

        Christopher A. Riley, Esq.
        Alston & Bird LLP
        1201 West Peachtree Street
        Atlanta, GA 30309

{00182130: v: }

This 30th day of November, 2011.

/s/ Derek S. Littlefield
Kirk M. McAlpin, Jr.
Georgia Bar No. 480525
Derek S. Littlefield
Georgia Bar No. 141569
J. Parker Gilbert
Georgia Bar No. 294352
Cushing Morris Armbruster & Montgomery
191 Peachtree Street, NE, Suite 4500
Atlanta, GA 30303
404/521-2323, 404-522-0607 (facsimile)
kmm@cmamlaw.com
dsl@cmamlaw.com
jpg@cmamlaw.com